UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL B. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-cv-00676-JMS-TAB |
| ) | |
| MARION COUNTY CORONER, ) | |
| ALFARENA BALLEW, CARRIE ENGLAND, ) | |
| DR. FRANK LLOYD, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Action**

Michael Smith filed a complaint alleging a violation of his constitutional rights because the defendants failed to provide him a copy of his wife's autopsy report he claims was necessary to defend his state murder conviction. [dkt. 2]. The defendants in this action are all employees of the Marion County Coroner's Office.

The Court sought clarification of the basis of Mr. Smith's claim. [dkt. 12]. In his untimely response, Mr. Smith asserted a violation of state law against the defendants for delaying his request for public records under Indiana law. [dkt. 16]. The Court dismissed the complaint because it failed to contain a legally viable claim over which the Court could exercise subject matter jurisdiction. [dkt. 17]. Mr. Smith was given through December 9, 2015, to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915A.

On December 2, 2015, Mr. Smith filed a response to the show cause order and alleged claims under the Fifth and Fourteenth Amendments. [dkt. 19]. He makes a conclusory statement that his due process rights as provided by the Fifth and Fourteenth Amendments were violated when he did not receive documents (the autopsy) that were vital to his defense in his criminal

proceeding. However, Mr. Smith has failed to show cause why Judgment should not enter in this matter.

Under 28 U.S.C. § 1915A(b), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). The standard of review under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).

*Fifth Amendment*

The Court is unable to discern a legally viable claim pursuant to the Fifth Amendment. In his third attempt to state a claim, Mr. Smith asserts, without more, that his due process rights as provided by the Fifth Amendment were violated when he did not receive documents that were vital to his defense in his state criminal proceeding. The complaint does not allege sufficient facts to state a claim for relief that is sufficient on its face. *Twombly*, 550 U.S. at 570.

Further, while the Fifth Amendment contains a guarantee of due process, its provisions only affect actions by the federal government, not the state or local governments. *Jackson v. Byrne,* 738 F.2d 1443, 1445 (7th Cir. 1984). Accordingly, claims based on protections accorded by the Fifth

Amendment to the United States Constitution are dismissed. The claim under the Fifth Amendment **is dismissed for failure to state a claim**.

*Fourteenth Amendment*

Next, Mr. Smith's Fourteenth Amendment claim is similarly deficient. His allegations that his rights under the Fourteenth Amendment were violated when the defendants failed to provide him with a copy of his wife's autopsy pursuant to Indiana law do not allege sufficient facts to state a claim for relief. *Twombly*, 550 U.S. at 570.

Moreover, to the extent Mr. Smith's complaint can be understood to state a due process claim under the Fourteenth Amendment, there is no deprivation if there is an adequate state law remedy. Assuming for purposes of this analysis that Mr. Smith's wife's autopsy report was a public record under the Indiana Access to Public Records Act, Mr. Smith was entitled to receive a copy from the county office after making a proper request. Ind. Code § 5-14-3-3. Thus, this Court's concern is with any procedural protections that were available upon the failure of the county office to provide him a copy of the report.

The remedy for a violation of the Indiana Access to Public Records Act includes filing a formal complaint with the Office of the Public Access Counselor (Ind. Code ch. 5-14-5) and filing an action in the circuit or superior court of the county in which the denial occurred to compel the public agency to permit the person to inspect and copy the public record. Ind. Code § 5-14-3-9. Because the Act provides adequate remedies for the violations Mr. Smith alleges, he has failed to state a due process claim. *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is

not complete unless and until the State fails to provide due process.). There is an adequate state law remedy for a violation of the Indiana Access to Public Records Act. As such, Mr. Smith's claim under the Fourteenth Amendment **is dismissed for failure to state a claim**.

Mr. Smith was previously notified that without a viable claim this action cannot proceed. For the reasons stated above, there is no viable due process claim.

This matter is dismissed pursuant to 28 U.S.C. § 1915A. Judgment shall now issue.

**IT IS SO ORDERED**.

Date: February 4, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael B. Smith, #160731
Pendleton Correctional Facility
Electronic Service Participant-Court only